IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BELLE VERNON AREA SCHOOL DISTRICT, | )<br>) |
| Plaintiff, | )<br>) |
| vs | ) Civil Action No. 2:23-706<br>)<br>) Magistrate Judge Dodge |
| TREMCO INCORPORATED, | )<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Plaintiff Belle Vernon Area School District (the "District") brings this action against Defendant Tremco Incorporated ("Tremco"), in which it asserts breach of contract and breach of warranty claims arising out of the collapse of a bus canopy that Tremco designed and installed at one of the District's buildings.

Pending before the Court is Tremco's motion to dismiss the Complaint as time barred based on Pennsylvania's statute of repose, 42 Pa. C.S. § 5536. For the reasons that follow, its motion will be granted with respect to Count I and denied with respect to Count II.

### I. Relevant Procedural History

The District commenced this action on April 4, 2023 in the Court of Common Pleas of Fayette County, Pennsylvania. On April 28, 2023, Tremco removed the action to this Court on the basis of diversity jurisdiction. The case was originally assigned to District Judge Bissoon. On May 16, 2023, the parties filed a stipulation of consent to jurisdiction by a magistrate judge (ECF No. 9), and the case was reassigned to the undersigned.

On May 5, 2023, Tremco filed a motion to dismiss (ECF No. 5), which has been fully briefed (ECF Nos. 6, 11, 14).

II.  **Factual Background**

The District owns the Marion Elementary School building located at 500 Perry Avenue in Fayette County. Tremco provided a quote dated October 19, 2005 for construction and installation of an entrance bus canopy at this school. The District accepted Tremco's quote and Tremco proceeded to design, install and secure the bus canopy at the school. The District alleges that Tremco's proposal included a twenty-year performance warranty, but it does not have a copy of the warranty. (Compl. ¶¶ 3-13, 37 & Ex. A.)

On or about September 19, 2019, the canopy system partially failed, causing roof damage to the main structure. After the partial failure, the District notified Tremco and Tremco issued a $76,600 quote for its replacement. (*Id.* ¶¶ 14-15 & Ex. B.) The Complaint does not allege that the District accepted the quote or that Tremco performed the work referenced therein.

On or about July 22, 2020, the canopy system failed completely and will require total replacement. The District asserts that the canopy was not properly designed, installed or anchored. (*Id.* ¶¶ 16-21.) It notified Tremco of the failure of the canopy through multiple verbal and written discussions, including notice of alleged construction deficiencies and code violations. Tremco has failed to repair or replace the failed canopy system. (*Id.* ¶¶ 36-38 & Ex. C.)

III.  **Discussion**

   A.  Standard of Review

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In addition, "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim." *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 291 (3d Cir. 2014). The District has attached several documents to the Complaint, the authenticity of which Tremco has not challenged, which may be considered without converting the motion to dismiss to a motion for summary judgment.

B.  <u>Applicability of Pennsylvania Law</u>

Because this is a diversity action, the Court applies Pennsylvania law regarding the substance of the claim. As stated by the Court of Appeals:

> In adjudicating a case under state law, we are not free to impose our own view of what state law should be; rather, we are to apply state law as interpreted by the state's highest court in an effort to predict how that court would decide the precise legal issues before us. *Kowalsky v. Long Beach Twp.*, 72 F.3d 385, 388 (3d Cir. 1995); *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994). In the absence of guidance from the state's highest court, we are to consider decisions of the state's intermediate appellate courts for assistance in predicting how the state's highest court would rule. *McKenna*, 32 F.3d at 825; *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991) (in predicting state law, we cannot disregard the decision of an intermediate appellate court unless we are convinced that the state's highest court would decide otherwise).

*Gares v. Willingboro Township*, 90 F.3d 720, 725 (3d Cir. 1996).

If a state supreme court has not addressed the issue, "the federal court must ascertain from all available data, including the decisional law of the state's lower courts, restatements of law, law review commentaries, and decisions from other jurisdictions on the 'majority' rule, what the state's highest court would decide if faced with the issue." *Gruber v. Owens-Illinois Inc.*, 899 F.2d 1366, 1369 (3d Cir. 1990) (citation omitted). Thus:

> To predict the response which we believe the Pennsylvania Supreme Court would give to the question before us, we examine: (1) what the Pennsylvania Supreme Court has said in related areas; (2) the "decisional law" of the Pennsylvania intermediate courts; (3) federal appeals and district court cases interpreting the state law; (4) decisions from other jurisdictions that have discussed the issue we face here.

*Id.* at 1369-70.

Here, Tremco raises the statute of repose as a complete bar to the District's claims. Whether the statute of repose applies in this case is an issue of law to be resolved by the court. *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103 (3d Cir. 2001).

C. Statute of Repose

In general, a time limitation such as the statute of limitations or laches is properly raised as an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the Third Circuit has held that a statute of limitations defense may be raised in a Rule 12(b)(6) motion when the bar is apparent on the face of the complaint. *Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002). *See also O.D. Anderson, Inc. v. Empaco Equip. Corp.*, 2019 WL 1395606, at *8 (W.D. Pa. Mar. 20, 2019) (addressing motion to dismiss based on statute of repose argument).[1]

"Statutes of repose differ from statutes of limitation in that statutes of repose potentially bar a plaintiff's suit before the cause of action arises, whereas statutes of limitation limit the time in which a plaintiff may bring suit after the cause of action accrues." *McConnaughey v. Building Components, Inc.*, 637 A.2d 1331, 1332 n.1 (Pa. 1994). "In addition, statutes of limitation begin to run from the time of an injurious occurrence or discovery of the same, whereas statutes of repose run for a statutorily determined period of time after a definitely established event independent of an injurious occurrence or discovery of the same." *Altoona Area Sch. Dist. v. Campbell*, 618 A.2d 1129, 1134 (Pa. Commw. 1992) (citations omitted). Statutes of limitations may be tolled by the discovery rule, but statutes of repose cannot. *Id.* at 1135.

Pennsylvania's Statute of Repose provides that:

> Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:
>
> (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
>
> (2) Injury to property, real or personal, arising out of any such deficiency.

---

[1] Here, the District does not contend that Tremco is precluded from raising the statute of repose at this stage of the proceedings.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

42 Pa. C.S. § 5536(a).[2] "Because it eliminates a plaintiff's cause of action '12 years after completion of construction of [an improvement to real property],' regardless of when the plaintiff's injury occurs, both Pennsylvania and federal courts have consistently held that 42 Pa. C.S. § 5536 is a statute of repose." *Vargo v. Koppers Co., Eng'g & Const. Div.*, 715 A.2d 423, 425 (Pa. 1998) (citations omitted).

"The party moving for protection under the statute of repose must show: (1) what is supplied is an improvement to real estate; (2) more than 12 years have elapsed between the completion of the improvements to the real estate and the injury; and (3) the activity of the moving party must be within the class which is protected by the statute. *McConnaughey*, 637 A.2d at 1333. Tremco argues that all three elements are met here: the bus canopy was an improvement to real estate,[3] more than twelve years have elapsed since the completion of the project in 2005 and the statute "protects the acts of those persons involved in the design, planning, supervision, construction or observation of the construction of an improvement to real property itself." *Id.* at 1334.[4]

Tremco also contends that the statute of repose bars not only tort actions but also actions for breach of contract. *See Altoona Area Sch. Dist.*, 618 A.2d at 1134-35 (claims for breach of

---

[2] Subsection (b), which contains exceptions for cases involving injury or wrongful death, does not apply in this case.
[3] Tremco contends that the bus canopy meets the definition of an improvement to real property. *See Noll by Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 87 (Pa. 1994) (citations omitted). The District has not contested this conclusion.
[4] In *McConnaughey*, the court held that: "When a manufacturer does nothing more than supply the component products for an improvement to real property, the manufacturer is not protected by the statute." *Id.* There is no suggestion that Tremco merely supplied component parts.

contract, negligence and fraud against architects and contractor barred). *See also 15th & Locust Co. v. Charles Shaid of Pa.*, 31 Phila. 97, 103 (Phila. C.P. 1996) (asking rhetorically if the statute "had meant to bar only tort actions, then why was the term 'civil action or proceeding,' and not 'tort action', used?"), *aff'd mem.,* 688 A.2d 1232 (Pa. Super. 1996); *Custer Homes v. Reistville Builders*, 2018 Pa. Dist. & Cnty. Dec. LEXIS 8412, at *9 (C.P. Cumberland Cty. Sep. 10, 2018) (applying statute of repose to breach of contract claim).[5]

The District does not dispute these points. Rather, it argues that the statute of repose is not applicable in this case because of the common-law doctrine of *nullum tempus occurrit regi* ("*nullum tempus*"), usually translated as "time does not run against the king." *Bishop*, 439 A.2d at 102.

"Generally, statutes of repose are jurisdictional and their scope is a question of law for courts to determine." *Gilbert v. Synagro Cent., LLC*, 131 A.3d 1, 15 (Pa. 2015) (citation omitted). However, "there may be cases in which the applicability of a statute of repose turns on resolution of factual issues. In such cases, the facts relevant to jurisdiction are so intertwined with those relating to the merits of the action, the jurisdictional determination will necessarily involve fact finding." *Id.* Because the facts are not disputed in this case, the issue will be determined by the Court as a matter of law.

D. *Nullum Tempus*

It is uncontroverted that pursuant to the doctrine of *nullum tempus*, "statutes of limitations do not apply to the plaintiff Commonwealth unless the statute specifically so provides." *Altoona Area Sch. Dist.*, 618 A.2d at 1132 (citation omitted). Relevant here, however,

---

[5] Historically, the doctrine was applied to tort actions. *See Commonwealth, Dep't of Transp. v. J.W. Bishop & Co., Inc.*, 439 A.2d 101, 103 (Pa. 1981) (stating that "where the Commonwealth is seeking in trespass to recover damages for the injury suffered . . . the statute of limitations on trespass actions for tort can have no applicability.")

is the statute of repose, not the statute of limitations, and there are clear differences between the two statutes. Based upon the Court's review, there appears to be no decision from any appellate court in Pennsylvania on the issue of whether the doctrine of *nullum tempus* can be invoked to overcome a statute of repose defense under § 5536.[6] However, as Tremco notes, at least one Court of Common Pleas has addressed the issue, stating as follows:

> As to Plaintiff's assertion that *nullum tempus* tolls the statute of repose, Plaintiff has cited no authority to indicate that the doctrine applies to statutes of repose in the same way that it applies to statutes of limitations. Further, case law consistently relates the doctrine to only statutes of limitations. *See, e.g., Stroudsburg Area Sch. Dist. v. R.K.R. Assocs./Architects*, 417 Pa. Super. 85, 611 A.2d 1276 (1992). Absent authority to support its position, Plaintiff has no basis to argue that *nullum tempus* tolls the statute of repose.

*Manheim Cent. Sch. Dist. v. Foreman Architects-Engineers*, 2017 WL 10440562, at *4 (C.P. Lancaster Cty. Mar. 23, 2017). *See also NVR, Inc. v. Majestic Hills, LLC*, 2023 WL 3043780, at *10-11 (W.D. Pa. Apr. 21, 2023) (§ 5536 not subject to equitable tolling for any reason, including fraudulent concealment).

A review of decisions from other jurisdictions reveals conflicting conclusions. *Compare Rowan County Bd. of Educ. v. U.S. Gypsum Co.*, 418 S.E.2d 648, 657-58 (N.C. 1992) (*nullum tempus* applies to statutes of repose because they impose time limits like statutes of limitations) *and Northwest Ark. Conservation Auth. v. Crossland Heavy Contractors, Inc.*, 504 F. Supp. 3d 947, 952-53 (W.D. Ark. 2020) (predicting that Arkansas would likely apply *nullum tempus* to statutes of repose because it applied the doctrine to statutes of limitations and to the equitable

---

[6] In *Altoona Area School District*, the court did not permit a school district to invoke *nullum tempus* in response to either a statute of repose or statute of limitations defense because, as a political subdivision of the Commonwealth, it could only invoke the doctrine if it was suing to enforce an obligation imposed by law as distinguished from one arising out of an agreement voluntarily entered into by the defendant. This case arose out of the construction of a public library, which a school district may do but is not obligated to construct, and therefore the district was seeking only to protect its private transactions. 618 A.2d at 1132-33. The court did not discuss the issue of whether *nullum tempus* could ever be invoked in response to a statute of repose, although the opinion can be read as implicitly concluding that it can in the appropriate circumstances.

doctrine of laches) *with Commonwealth v. Owens-Corning Fiberglas Corp.*, 385 S.E.2d 865, 868 (Va. 1989) (statutes of repose do run against the government and *nullum tempus* does not apply) *and New Jersey Educ. Facilities Auth. v. Gruzen P'ship,* 592 A.2d 559, 561 (N.J. 1991) (abrogating the immunity doctrine of *nullum tempus* insofar as it applies to immunity of the State or its agencies from the application of statutes of limitations in contractual matters).

As a law review article on the topic has noted: "Courts that fail to account for the distinction between statutes of limitation and repose do so because they fail to look deeper into the policies behind the differing statutes." Joseph Mack, *Nullum Tempus: Governmental Immunity to Statutes of Limitation, Laches, and Statutes of Repose*, 73 Def. Couns. J. 180, 194 (2006). Further:

> *Nullum tempus* excuses governmental actors on the basis of public policies that are undermined when applied to statutes of repose. The first policy argument for *nullum tempus*, that governmental actors are sometimes too busy looking after the welfare of the state to bring suit in time, is only a legitimate excuse when the time limitation is contingent on knowing delay by the plaintiff. This policy argument is sound when applied to immunity from statutes of limitation and laches because those doctrines require that delay before they serve to protect defendants. However, where statutes of limitation under the discovery rule and laches will only protect the defendant's interests when there is delay by the plaintiff after gaining knowledge of the injury, statutes of repose can bar a claim even before the victim knows they have been injured. Since statutes of repose offer no exceptions for good excuses, the justifications for the government's delay are irrelevant.
>
> The second policy justification for *nullum tempus*, to preserve the public assets from the negligence of public officials, is also much less persuasive in the context of statutes of repose. The legislature's decision to absolutely limit the timeframe in which certain types of defendants may be sued is motivated by fear of the economic impact of timeless liability on their beneficial services. The legislature has determined that the economic stability of the classes of defendants protected by statutes of repose outweighs the state's interest in providing a remedy. An argument that governmental bodies should be immune to the balance struck by the legislature in order to preserve public assets cannot be successful because the legislature has already determined that it is ultimately better for the general public to limit the liability. Again, this is distinguished from statutes of limitations and laches on the grounds that those doctrines provide far less stability for defendants

> because of the requirement of knowing delay. Indeed, it is the exact purpose of statutes of repose to protect defendants from the elastic nature of statutes of limitations and laches because of the doctrines' focus on the plaintiffs.
>
> Not only are the policy considerations behind *nullum tempus* severely undermined by the purposes behind statutes of repose, but the very fact that the legislature has enacted such statutes is indicative of the exact type of change in circumstances that should compel a court to discard a common law doctrine. The legislative action to protect a group at the risk of depriving completely blameless plaintiffs of their causes of action makes it clear that any interference with that protection "is no longer reflective of economic and social needs of society."

*Id.* at 194-95 (footnote omitted).

Because no clear authority from a Pennsylvania court authorizes the use of *nullum tempus* to defeat a statute of repose defense under § 5536, and the only case to explicitly address the issue rejects it, this Court predicts that the Pennsylvania Supreme Court, if presented with this question, would not apply *nullum tempus* in this case. Therefore, because Tremco's construction work for the District was performed was more than twelve years before the commencement of this action, the statute of repose bars the District's breach of contract claim in Count I.

    D.  <u>Breach of Warranty</u>

The District also asserts a breach of warranty claim. It alleges that Tremco supplied a twenty-year "Performance Warranty" when it installed the bus canopy, that Tremco breached this warranty by failing to provide a structure free from failure for a period of twenty years and that it has failed to repair or replace the failed canopy system. While the District admits that it does not possess a copy of the warranty, "a plaintiff pleading a breach of contract in federal court does not need to attach the contract to the complaint." *Transportation Int'l Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) (citations omitted). Rather, "the complaint must allege facts sufficient to place the defendant on notice of the contract claim in

such a way that the defendant can reasonably respond." *Id. See Latraverse v. Kia Motors of Am., Inc.,* 2011 WL 3273150, at *3 (D.N.J. July 27, 2011) (warranty did not have to be attached to complaint).[7]

Tremco again raises the statute of repose as a complete bar to the breach of warranty claim in Count II, asserting that the District's basis for recovery is identical to that alleged in the breach of contract claim. However, it has not cited any decisions in which the statute of repose was held to bar a claim based on a future performance warranty.

A breach of warranty claim seeks to hold a party to a promise it made relating to its product. Tremco's contention that its promise of a twenty-year performance warranty can be extinguished by the statute of repose under the facts pleaded in this lawsuit would render its warranty meaningless.

The statute of limitations for breach of warranty is four years after the cause of action accrued. 13 Pa. C.S. § 2725(a). "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." *Id.* at § 2725(b).

The Pennsylvania Supreme Court has held that "the focus of § 2725 is not on *what* is promised, but on the duration of the promise-*i.e.*, the period to which the promise extends." *Nationwide Ins. Co. v. General Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1176 (Pa. 1993). In *Nationwide*, the court found that a twelve-year/12,000-mile warranty provision

---

[7] Although Tremco refers to the reference to the warranty as a "conclusory allegation," the District's allegation that it was provided with a twenty-year performance warranty by Tremco in connection with the original work in 2005 must be accepted as true for purposes of a motion to dismiss. At any rate, the Court notes that Tremco's original quotation for the bus canopy references a "Tremco Performance Warranty." (Compl. Ex. A.) Whether the District can prove that Tremco gave it a twenty-year warranty, or if so, any potential impact on this lawsuit, cannot be determined at this preliminary stage.

explicitly extended to future performance of the vehicles, and claims brought within four years of the date the vehicles displayed a defect (but not within four years of the date of delivery) were timely. *See also Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 378 (Ind. 2019) (courts "understand that a future-performance warranty is a seller's explicit promise or guarantee to a buyer that the goods will perform (or will be of certain quality) during a specific, future period of time.")

Tremco contends that the *Nationwide* case is inapplicable because it was decided under the Uniform Commercial Code ("UCC"), which it asserts does not apply in this case because the contract between the District and Tremco was not for the sale of goods. It further attempts to distinguish *Nationwide* on the ground that there is no statute of repose that could apply to a vehicle warranty.

Tremco's arguments are misplaced. The District alleges that the work which Tremco agreed to perform came with a twenty-year warranty that extended to future performance. As the District argues, if a party such as Tremco could avoid liability after twelve years based on the statute of repose, a twenty-year warranty would be wholly illusory. Assuming that the cause of action for breach of the performance warranty did not accrue until the canopy failed, the District had four years from the date of the alleged breach to bring suit. Based on the allegations of the Complaint, the cause of action for breach of warranty accrued at the earliest when the canopy partially failed on September 19, 2019. The District filed suit on April 4, 2023, within the four year statute of limitations. At that time, the twenty-year warranty allegedly provided on or about October 2005 was still in effect, and it was allegedly still in effect when the canopy completely failed on July 22, 2020.

The District alleges that Tremco promised that its bus canopy would remain free from

failure for twenty years from the date it was installed in 2005. Tremco has failed to establish that despite the existence of this warranty, the statute of repose bars the District's breach of warranty claim.

Therefore, with respect to Count II of the Complaint, the motion to dismiss will be denied.

## IV. Conclusion

For the reasons explained above, Tremco's motion to dismiss will be granted in part and denied in part.

An appropriate order follows.

Dated: August 18, 2023          BY THE COURT:


                                /s/ Patricia L Dodge
                                PATRICIA L. DODGE
                                United States Magistrate Judge